

Opinions of the United
States Court of Appeals
for the Third Circuit

9-27-2002

# USA v. Faulks

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1065

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"USA v. Faulks" (2002). *2002 Decisions.* Paper 617.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/617

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-1065
_____

UNITED STATES OF AMERICA

v.

BARRY FAULKS,
                          Appellant
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
D.C. Crim. No. 99-cr-00151
District Judge:  The Honorable J. Curtis Joyner
_____

Submitted Under Third Circuit LAR 34.1(a)
September 23, 2002
_____

Before: BARRY, AMBRO, and COWEN, Circuit Judges

(Opinion Filed:   September 27, 2002)
_____

OPINION
_____


BARRY, Circuit Judge
        Appellant Barry Faulks was charged in the U.S. District Court for the Eastern
District of Pennsylvania with one count of possession of a firearm by a convicted felon in
violation of 18 U.S.C.    922(g) and 924(e).  He filed a motion to suppress physical
evidence, which the District Court denied.  Faulks then pleaded guilty to the gun charge
but reserved the right to appeal the District Court's order denying his suppression motion.
He now appeals.  We have jurisdiction pursuant to 28 U.S.C.    1291 and will affirm.
        Faulks argues that the District Court wrongly denied his motion to suppress the
gun seized from his person during a pat-down search because, he contends, the search
was not supported by reasonable suspicion.  We disagree.
        On December 12, 1998, at approximately 1:39 a.m., Philadelphia police officers
responded to a "priority one" radio call that a person with a gun was at a bar on 8th and
Bristol Streets.  The call described the person as a black male wearing a black hat, a dark
blue jacket with white stripes, and light blue jeans.  When the officers arrived at the
scene, they observed an individual matching this description approximately one block
away from the entrance to Mi Casa Bar.  The individual had left the bar just prior to the
police's arrival.  The officers stopped the individual and conducted a pat-down search.
No gun was found.
        Thereafter, the individual told the police officers that there was a heavyset, black
male with a gun inside Mi Casa Bar.  The allegedly armed man was dressed in a gray
sweatshirt and seated at the end of the bar.  The individual also told the officers that he
believed that this man may have called the police on him.  Based on this information,
two officers entered Mi Casa Bar and saw Faulks sitting at the end of the bar and wearing
a gray sweatshirt.  The officers approached Faulks, and one proceeded to frisk him.  A

loaded, 9 mm., Ruger semiautomatic pistol was found tucked into Faulks's waistband. After removing the weapon, the officers asked Faulks if he had a permit to carry the gun. He did not. Faulks was placed under arrest.

It is well established that a police officer may conduct a pat-down search for weapons when he or she reasonably suspects that "criminal activity may be afoot and that the persons with whom he [or she] is dealing may be armed and presently dangerous." Terry v. Ohio, 392 U.S. 1, 30 (1968). Such suspicion may arise from the officer's direct observations, id. at 27-28, or from an informant's tip, Adams v. Williams, 407 U.S. 143, 146-47 (1972). When a police officer's suspicion is based on information supplied by an informant, the suspicion is reasonable provided the information exhibits sufficient indicia of reliability. Williams, 407 U.S. at 147; see also Florida v. J. L., 529 U.S. 266, 270 (2000).

Here, the information given to Philadelphia police officers by the individual in their custody was sufficiently reliable to justify the officers' suspicion that Faulks was armed and dangerous and had given a false report to the police. First, the individual gave his statement to the police officers within minutes after he left Mi Casa Bar and last saw Faulks. The temporal proximity of these events and the fact that the statement was based on what the individual himself had observed permitted the officers to conclude that there was a reasonable basis for the statement. Second, the individual told the officers that Faulks had a gun and that Faulks was inside the bar less than a block away. The potential for retaliation against the individual was clearly present, further supporting a finding of reliability. Third, the officers were immediately able to verify the accuracy of the individual's statement by entering the bar. The possibility for such immediate accountability tends to discourage fabrications. Fourth, the individual spoke to the officers in person. We have observed that "a tip given face to face is more reliable than an anonymous telephone call" for it provides the police an opportunity to assess the informant's credibility and to observe his demeanor. United States v. Valentine, 232 F.3d 350, 354 (3d Cir. 2000). This factor also favors a finding of reliability. Fifth, and last, the individual gave his statement to police officers while being detained and before he knew he would be released. He had every reason to believe that he would have been held accountable had his statement been false. Given these considerations and the fact that the officers were at Mi Casa Bar late at night in response to an urgent call that a person was armed with a gun (and presumably about to commit a crime), the officers had ample reason to suspect that Faulks was armed with a gun and dangerous.

For the foregoing reasons, we will affirm the order of the District Court.


TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion.

/s/Maryane Trump Barry
Circuit Judge